UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| DONNA L. RUBIN, | ) | Case No.: 5:13-CV-00297-EJD |
| Plaintiff, | ) ) | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY** |
| v. | ) ) ) | **JUDGMENT; DENYING P'S MOTION FOR SJ** |
| CAROLYN W. COLVIN, Acting Commissioner Social Security Administration | ) ) ) ) | |
| | ) | **[Re: Docket No. 21]** |
| Defendant. | ) ) ) | |

Plaintiff Donna Rubin ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) to obtain review of the decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability benefits.  Plaintiff's Motion for Summary Judgment seeks an order reversing the Commissioner's final decision denying benefits, and remand the matter for immediate payment, or in the alternative, a remand for further administrative proceedings.

Presently before the Court are Plaintiff's and Defendant's cross-motions for summary judgment.  Having considered the parties' submissions and the administrative record, the Court GRANTS Defendant's Motion for Summary Judgment, and DENIES Plaintiff's Motion for Summary Judgment.

I.      **Background**

        a.  **Procedural History**

        On January 5, 2007, Plaintiff filed for Social Security Disability Insurance Benefits under Title II of the Social Security Act.  Administrative Transcript ("Tr.") at 173-180.  Plaintiff's claim was initially denied by the Social Security Administration on April 30, 2007 because the condition was deemed not disabling on any date through December 31, 2003.  Tr. at 112-116.  Plaintiff's request for reconsideration was granted and the Social Security Administration again denied her claim on August 20, 2007.  Tr. at 119-123.

        Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"), which occurred before ALJ Brenton Rogozen on December 16, 2008.  Following the hearing, the ALJ rendered an unfavorable decision on February 13, 2009.  Tr. at 102-107.   Upon Plaintiff's March 2009 request, the Appeals Council reversed and remanded the case back to the ALJ noting that Plaintiff's past relevant work did not appear to fit within the parameter of Plaintiff's residual functional capacity.  Tr. at 164-165, 110-111.  The ALJ was instructed to obtain additional evidence from a vocational expert regarding Plaintiff's ability to perform her past relevant work and what skills, if any, did she acquire that are transferable with very little adjustment to other occupations.  Tr. at 110-111.  In a written decision dated July 25, 2011, Judge Rogozen ultimately found that Plaintiff has the residual functional capacity to perform at the full sedentary level and rendered an unfavorable decision.  Tr. at 10-17.

        Plaintiff then sought review of the ALJ's determination.  Tr. at 1-6.  On September 4, 2012, the Appeals Council denied the request for review, and the ALJ's decision became the final decision of the Administration.  Id.

        Plaintiff filed the instant action requesting judicial review of the Administration's decision on Jan 22, 2013.  See Compl., Docket Item No. 1.  Plaintiff moved for summary judgment on July 23, 2013. See Docket Item No.18.  Defendant filed its cross-motion for summary judgment on July 26, 2013.  See Docket Item No.21.

Case No.: 5:13-CV-00297-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING P'S MOTION FOR SJ

**b.  Plaintiff's Personal, Vocational and Medical History**

Plaintiff was born on March 28, 1947.  Tr. at 269.  She received her GED in 1964 and began working for National Semiconductor as a Technical Support Specialist in 1985. Tr. at 198-206.  She was promoted to Senior Program Manager in 1991.  Tr. at 197-198.   In Plaintiff's first hearing, she testified that her typical day as a Senior Program Manager consisted of lots of meetings, five to six hours a day sitting at a computer, and the rest of her time walking back and forth between buildings.  Tr. at 56.

Plaintiff was 50 years old at the time she experienced a bilateral knee injury from a bicycle accident in 1997 and 51 years old at the onset of the alleged disability.  Tr. at 196-205.   In addition to chronic pain in both knees, Plaintiff claims to suffer from Spondylolisthesis, degenerative bone disease, Stenosis of the spine and Tenosynovitis which has rendered her incapable of sitting, standing or walking for long periods of time.  Tr. at 196.  She underwent surgery on her right knee in April 1998 and returned to work part-time shortly thereafter.  Tr. at 57; 75.  Plaintiff testified in her 2008 hearing that her doctor told her total knee replacement surgery would be necessary in the future but that she should wait as long as possible because new knees do not typically last very long.  Tr. at 58.

Plaintiff returned to National Semiconductor part-time shortly after the surgery, but found it difficult to walk between locations, sit for long lengths of time, keep her legs elevated while iced, and sometimes would fall due to her knee giving out completely.  Tr. at 76.   Her right leg was constantly swelling after one hour or more of sitting.  Tr. at 77.  Plaintiff testified at her 2011 hearing that her orthopaedic surgeon, Dr. Littlejohn, told her to ice and elevate her right knee in order to reduce the swelling.  Tr. at 77.   She also attempted to adjust her schedule and implement more teleconferencing to minimize the swelling and pain.  Id.

Plaintiff stopped working permanently in May 1998 after being laid off from her company.  Tr. at 77.  Plaintiff did not look for new work because she felt she could not get her legs "under control" due to the swelling, the pain and her inability to sit longer than one hour.  Tr. at 76-

Case No.: 5:13-CV-00297-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING P'S MOTION FOR SJ

1    77.  Plaintiff further testified that both Dr. Littlejohn and Dr. Holmes stated she would "definitely"

2    need knee replacements, which she ultimately had in 2007.  Tr. at 79-80.

3    **II.    Legal Standard**

4        **a.  Standard for Reviewing the ALJ's Decision**

5        The Court has authority to review an ALJ's decision denying disability benefits. 42

6    U.S.C. § 405(g).  The Social Security Act states that, upon review of the Secretary's decision by the

7    district court, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence,

8    shall be conclusive..."  Id.  Accordingly, the Court's jurisdiction is limited to determining whether

9    the denial of benefits is supported by substantial evidence in the administrative record.  Reversal of

10   an ALJ's decision is only appropriate where it is not supported by substantial evidence or the

11   decision is based on legal error.  Id.; accord Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir.

12   2001).

13       "Substantial evidence" is more than a scintilla, but less than a preponderance.  Thomas

14   v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  The inquiry here is whether the record, read as a

15   whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached

16   by the ALJ.  Richardson v. Perales, 402 U.S. 381, 401 (1971); Sample v. Schweiker, 694 F.2d 639,

17   642 (9th Cir. 1982). Where evidence is susceptible of more than one rational interpretation, it is the

18   ALJ's conclusion which must be upheld, Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971); and

19   in reaching his findings, the ALJ is entitled to draw inferences logically flowing from the evidence.

20   Beane v. Richardson, 457 F.2d 758 (9th Cir. 1972).

21       **b.  Standard for Determining Disability**

22       Disability is the "inability to engage in any substantive gainful activity by reason of any

23   medically determinable physical or mental impairment which can be expected to result in death or

24   which has lasted or can be expected to last for a continuous period of not less than twelve months."

25   42 U.S.C. § 423(d)(1)(A).  The impairment must be so severe that a claimant is unable to do her

26   previous work, and cannot "engage in any other kind of substantial gainful work which exists in

27   the national economy," given the claimant's age, education, and work experience.  42 U.S.C. §

28
4

Case No.: 5:13-CV-00297-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING
P'S MOTION FOR SJ

United States District Court
For the Northern District of California

423(d)(2)(A).  "The claimant carries the initial burden of proving a disability."  <u>Ukolov v. Barnhart</u>, 420 F.3d 1002, 1004 (9th Cir. 2005).  The burden of proof is on the claimant as to steps one to four.  As to step five, the burden shifts to the Commissioner.  <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999).  If a claimant is found to be "disabled" or "not disabled" at any step in the sequence, there is no need to consider subsequent steps.  <u>Id.</u>  If the claimant proves a prima facie case of disability, the burden shifts to the Commissioner to establish that the claimant can perform a "significant number of other jobs in the national economy."  <u>Thomas</u>, 278 F.3d at 955.  "The Commissioner can meet this burden through the testimony of a vocational expert or by reference to the Medical Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2."  <u>Id.</u>

The ALJ evaluates Social Security disability claims using a five-step process.  20 C.F.R. §§ 404.1520, 416.920.

1)  The ALJ must first determine whether the claimant is presently engaged in substantially gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, the claimant is not disabled; otherwise the evaluation proceeds to step two.

2)  The ALJ must determine whether the claimant has a severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If not, the claimant is not disabled; otherwise the evaluation proceeds to step three.

3)  The ALJ must determine whether the claimant's impairment or combination of impairments meets or medically equals the requirements of the Listing of Impairments.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If so, the claimant is disabled; otherwise, the analysis proceeds to step four.

4)  The ALJ must determine the claimant's residual functional capacity despite limitations from the claimant's impairments.  20 C.F.R. §§404.1520(e), 416.920(e).  If the claimant can still perform work that the individual has done in the past, the claimant is not disabled.  If she cannot perform the work, the evaluation proceeds to step five.  20 C.F.R. §§ 404.1520(f), 416.920(f).

Case No.: 5:13-CV-00297-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING P'S MOTION FOR SJ

United States District Court
For the Northern District of California

1    5)   In this step, the Commissioner has the burden of demonstrating that the claimant is

2    not disabled.  Considering a claimant's age, education, and vocational background,

3    the Commissioner must show that the claimant can perform some substantial gainful

4    work in the national economy.  20 C.F.R. §§ 404.1520(g), 416.920(g).

5    **III.    Discussion**

6    The ALJ made the following findings and conclusions on the five steps: (1) for step

7    one, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since

8    Plaintiff's alleged onset date of January 1, 1999, through her date last insured, December 31, 2003;

9    (2) for step two, the ALJ determined Plaintiff has "severe" medical impairments; (3) for step three,

10   the ALJ determined that Plaintiff did not have an impairment that met or medically equaled a list

11   impairment; (4) for step four, the ALJ determined Plaintiff's medical impairments did not preclude

12   her from performing her past relevant work as it generally is performed.  The ALJ did not proceed

13   to step five following the determination Plaintiff's medical impairments did not preclude her from

14   performing her past relevant work.

15   Plaintiff requests that the Court reverse the ALJ's final decision and remand the case to

16   the Social Security Administration for an award of benefits.  See Pl.'s MSJ.  Alternatively, Plaintiff

17   requests that this case be remanded for further administrative proceedings to re-adjudicate the

18   issues.  Id.  Plaintiff supports these requests with the following contentions: (1) the ALJ's

19   reasoning affording "little weight" to the consultative examination report of Clark E. Gable, M.D.,

20   as opposed to non-examining State Agency internal evaluators was flawed; (2) the ALJ's finding

21   that Plaintiff's testimony regarding her inability to sit 6 hours a day was exaggerated is erroneous;

22   (3) the ALJ's rationale for rejecting the credibility of Plaintiff's testimony that she was only taking

23   "Aleve" is not factually sustainable; and (4) the Commissioner wrongly denied Plaintiff's claim at

24   step four and therefore failed to meet its burden at step five.

25   **a.   Evidence Supporting the ALJ's Rejection of the Opinion of Dr. Gable**

26   Plaintiff argues that the ALJ's reasoning for affording "little weight" to the consultative

27   examination report of Dr. Clark E. Gable and "significant weight" to the medical opinions of state

28   
6

Case No.: 5:13-CV-00297-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING
P'S MOTION FOR SJ

United States District Court
For the Northern District of California

1   agency consultants Sadda Reddy, M.D. and Roger Fast, M.D. was flawed.  Pl.'s MSJ at 16.

2   Plaintiff contends that the ALJ did not provide specific and legitimate reasons and erred by not

3   giving the examining physician's opinion proper deference.  Pl.'s MSJ at 16-18.

4           In the context of Social Security determinations, the weight prescribed to medical

5   opinions depends in part on whether they are offered by treating, examining, or non-examining

6   professionals.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  The Commissioner must provide

7   "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician.

8   Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990).  The opinion of an examining doctor, even if

9   contradicted by another doctor, can only be rejected for specific and legitimate reasons that are

10  supported by substantial evidence in the record.  Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir.

11  1995).  An ALJ can reject a treating physician's opinion in favor of other conflicting medical

12  opinions so long as the ALJ makes "findings setting forth specific, legitimate reasons for doing so

13  that are based on substantial evidence in the record."  Thomas, 278 F.3d at 956-957.   A non-

14  treating or non-examining physician's opinion may serve as substantial evidence when those

15  opinions are consistent with independent clinical findings or other evidence in the record.  Id.

16          The ALJ properly assigned "little weight" to Dr. Gable's medical opinion and

17  "significant weight" to the consultative examination reports of Dr. Reddy and Dr. Fast because the

18  ALJ provided specific and legitimate reasons supported by substantial evidence.  First, the ALJ

19  explained that Dr. Gable's opinion regarding Plaintiff's ability or inability to sit for 6 or more

20  hours was not retrospective to any time prior to December 31, 2003, the date Plaintiff was last

21  insured.  Tr. at 374-377.  Dr. Gable only notes that he thinks "the claimant can probably sit

22  cumulatively 2-4 hours a day" and that claimant's "standing and/or walking would be very

23  limited."  Tr. at 377.  His assessment is in the present tense and is deficient of any medical opinion

24  as to Plaintiff's ability to sit for more than 6 hours between January 1999 and December 2003.

25  Second, the ALJ found it significant that Dr. Gable only examined Plaintiff one time and more than

26  three years after the date Plaintiff was last insured.  Tr. at 15.  Finally, the ALJ discounted Dr.

27  Gable's opinion because he was an internist and not an orthopedist with a specialty in

28

7

United States District Court
For the Northern District of California

1    musculoskeletal problems.  <u>Id</u>.  The Court finds the ALJ provided clear and convincing reasons to

2    discount Dr. Gable's opinion.

3           The ALJ instead gave "significant weight" to the two state consultants who

4    independently reviewed the Plaintiff's record and found insufficient evidence between January

5    1999, and December 2003, to assess the claimant's residual functional capacity.  <u>Id</u>.  Objective

6    medical evidence in the record is consistent with the two state consultants' opinions and therefore

7    serves as substantial evidence.  <u>Id</u>.;  <u>See</u> <u>also</u> <u>Thomas</u> at 956-957.  A 1999 examination of

8    Plaintiff's left knee showed normal range of motion, a negative Lachman and anterior drawer sign,

9    a negative pivot shift, and no effusion.  Tr. at 276.  The progress report of Dr. Holmes noted

10   Plaintiff was "healing nicely" from her knee surgery, that Plaintiff could attend physical therapy,

11   and that she could manage periodic flare ups of knee pain with medication.  Tr. at 388.  As such,

12   the Court finds that the weight prescribed to the medical opinions was proper.

13                **b.  Evidence Supporting the ALJ's Evaluation of Plaintiff's Statements**

14          An ALJ is required to make specific credibility findings which "make clear to the

15   individual and to any subsequent reviewers the weight the adjudicator gave the individual's

16   statements and the reasons for that weight."  <u>Social Security Ruling 96-7</u>, 1996 SSR LEXIS 4.   In

17   making the credibility analysis, "the adjudicator must consider the entire case record, including the

18   objective medical evidence, the individual's own statements about symptoms, statements and other

19   information provided by treating or examining physicians or psychologists and other persons about

20   the symptoms and how they affect the individual, and any other relevant evidence in the case

21   record."  <u>Id</u>.

22          The Court's review of the ALJ's decision regarding credibility determinations is

23   limited.  <u>See</u> <u>Matney</u>, 981 F.2d at 1019 ("The trier of fact and not the reviewing court must resolve

24   conflicts in the evidence, and if the evidence can support either outcome, the court may not

25   substitute its judgment for that of the ALJ.").  The ALJ's assessment of a claimant's credibility

26   must be "properly supported by the record" and "sufficiently specific" to assure the reviewing

27   court that the ALJ "rejected the claimant's testimony on permissible grounds and did not arbitrarily

28
                                                              8

1    discredit a claimant's testimony regarding pain." Bunnell v. Sullivan, 947 F.2d 341, 345-346 (9th

2    Cir. 1995) (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1213-1214 (11th Cir. 1991)

3    (quotations omitted). Absent affirmative evidence of malingering, an ALJ may not discount a

4    claimant's testimony without clear and convincing reasons. See Reddick v. Chater, 157 F.3d 715,

5    722 (9th Cir. 1998). However, a court must give deference to the ALJ's assessment of a plaintiff's

6    credibility if it is supported by the record and applicable legal standards. See Rollins v. Massanari,

7    261 F.3d 853, 857 (9th Cir. 2001) (citing Reddick, 157 F.3d at 720).

8          The ALJ's conclusion at step four that Plaintiff had residual functional capacity

9    ("RFC") to perform at the sedentary level prior to December 31, 2003 was supported by substantial

10    evidence. To make that finding, the ALJ engaged in a two-step process. First, the ALJ determined

11    that Plaintiff's medically determinable impairments could reasonably be expected to cause some of

12    the alleged symptoms. Tr. at 15. Second, the ALJ found Plaintiff's subjective description of her

13    symptoms concerning the intensity, persistence and limiting effects of these symptoms to be less

14    than entirely credible to the extent that they were inconsistent with the claimant's residual

15    functional capacity assessment. Id.

16          The ALJ's first conclusion is supported by substantial evidence in the record. Plaintiff

17    testified in both her 2008 and 2011 hearings that she experienced constant swelling and pain in

18    both her knees. Tr. at 58; 79. She found it difficult to work at her computer because she had to

19    constantly keep her legs elevated and iced. Tr. at 76; 83. Plaintiff further alleged that she found it

20    difficult to walk between locations at work, sit for longer than one hour, and would "fall on her

21    face" sometimes when her knees would give out. Tr. at 76-77. Evidence in the record of

22    Plaintiff's numerous surgeries, including total knee replacement in 2007, supports the conclusion

23    that her knee condition could reasonably be expected to cause the aforementioned symptoms.

24          The ALJ's second conclusion that the intensity, persistence, and limiting effects of the

25    Plaintiff's symptoms are "not entirely credible" was properly supported by the record and

26    sufficiently specific to allow the Court to conclude the ALJ rejected the Plaintiff's testimony on

27    permissible grounds. See Elam at 1215. The ALJ in making his determination analyzed the entire

28

Case No.: 5:13-CV-00297-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING
P'S MOTION FOR SJ

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  medical record pursuant to Social Security Ruling 88-13 ("SSR 88-13").  SSR 88-13 prescribes

2  factors that an ALJ must consider when making a credibility finding, including claimant's daily

3  activities, functional restrictions, and type of pain medication.  The ALJ found "little evidence"

4  that the claimant could not work at the sedentary level prior to December 31, 2003.  Tr. at 15.  No

5  examining or treating physician throughout the entire record opined that Plaintiff could not sit for

6  six hours of an eight-hour workday.  Plaintiff stated in her "Exertional Daily Activities

7  Questionnaire" that she still could walk about a block, climb 16 stairs, carry light groceries, do

8  some household chores, drive a car, and do light yard work.  Tr. at 234-236.  An ALJ may consider

9  whether the claimant "engages in daily activities inconsistent with the alleged symptoms."  Molina

10 v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012).  Furthermore, the ALJ noted that Plaintiff was only

11 taking over-the-counter pain medication and other evidence in the record indicated Plaintiff was

12 "healing nicely."  Tr. at 16; 388.  From this, and other evidence in the record, the ALJ concluded

13 that Plaintiff's daily activities and type of pain medication were inconsistent with an inability to sit

14 at least six hours in an eight hour day.  The Court defers to the ALJ's assessment of Plaintiff's

15 credibility because it is properly supported by the record and sufficiently specific to assure it was

16 not capriciously discredited.

     **c. Plaintiff Failed to Meet Her Burden Establishing a Prima Facie Case of Disability**

17

18     The Court rejects Plaintiff's argument that the Commission did not meet its burden at

19 step five to show alternate occupations Plaintiff could perform in the national economy.  The

20 burden of showing that the claimant can do other sorts of jobs available in the national economy

21 only shifts to the Commission after the applicant makes a prima facie case that he or she is unable

22 to work at their usual occupation.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).  The

23 Court finds substantial evidence in the record supports the ALJ's step-four finding that Plaintiff

24 could do her past relevant work.  Therefore, the Commission did not need to proceed to step five.

25 See 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560(b)(1)-(3).

26

27

28

Case No.: 5:13-CV-00297-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING
P'S MOTION FOR SJ

1

**IV.     Conclusion**

2           For the foregoing reasons, the Court DENIES Plaintiff's Motion for Summary

3    Judgment, and GRANTS Defendant's Motion for Summary Judgment.

4    **IT IS SO ORDERED**

5    Dated: November 25, 2013

6                                                   _____

7                                                   EDWARD J. DAVILA
                                                    United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 5:13-CV-00297-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING
P'S MOTION FOR SJ